**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2342
_____

DAVID SIVELLA,
                                        Appellant

v.

TOWNSHIP OF LYNDHURST, ROBERT GIANGERUSO, Lyndhurst Commissioner

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:15-cv-07038)
District Judge:  Honorable Madeline Cox Arleo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 25, 2021
_____

Before:  GREENAWAY, JR., and KRAUSE, Circuit Judges, and KANE, District Judge.[*]

(Opinion Filed: August 3, 2021)
_____

OPINION[**]
_____

_____

[*] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KANE, District Judge.

David Sivella appeals from the District Court's June 16, 2020 order granting summary judgment for Appellee Robert Giangeruso, the Mayor of the Township of Lyndhurst (the "Township"), based on qualified immunity.[1]  We will affirm.

## I.  Background

After working on Giangeruso's political campaigns in 2005 and 2009, Sivella held two different municipal jobs: part-time Associate Planner for the Township from approximately 2005 through 2013, and Bergen County Housing Department Director ("BCHD Director") from approximately 2009 through 2011, holding both jobs simultaneously from 2009 to 2011.  One of Sivella's responsibilities as BCHD Director was overseeing the Section 8 housing program.  See 42 U.S.C. § 1437f.  Sivella voluntarily resigned from his position as BCHD Director in April 2011, continuing to work as an Associate Planner for the Township until 2013.

In approximately June 2011, after he resigned as BCHD Director, Sivella was interviewed by the Bergen County Prosecutor and Housing and Urban Development ("HUD") investigators regarding Section 8 housing benefits received by Giangeruso's mother.  Her Section 8 housing benefits were ultimately discontinued after HUD investigators determined that the configuration of the house in which she resided with Giangeruso did not meet the requirements for the Section 8 program.

On September 10, 2013, at a Township public meeting, Township Commissioner

---

[1] Not relevant to this appeal is the District Court's dismissal of Sivella's remaining claims against the Township upon his consent.

Thomas DiMaggio expressed a concern that there were "no-show jobs" for several Township employees. While no names were mentioned at the meeting, Sivella was one of three individuals thought to have had a no-show municipal job.

Thereafter, on October 15, 2013, Giangeruso and Township Commissioner DiMaggio sent a letter to the Township Chief of Police requesting that he confidentially investigate the no-show municipal job allegations raised at the September public meeting. The letter did not disclose any names. The record reflects that any investigation, to the extent one was conducted,[2] "receiv[ed] no result anywhere." App. 355. Sivella ultimately resigned from his position as an Associate Planner with the Township on October 28, 2013.

Sivella filed a complaint against the Township and Giangeruso, alleging that Giangeruso and the Township (collectively, "Appellees") retaliated against him for exercising his First Amendment right to freedom of speech.[3] On November 6, 2019, the District Court entered an order denying Appellees' motion for summary judgment as to Sivella's First Amendment retaliation claims for the following reasons: (1) "there is a genuine factual dispute as to whether a person of ordinary firmness would be deterred from speaking out because of [Appellees'] retaliatory acts, including Giangeruso and

---

[2] Sivella was never contacted or questioned by any law enforcement agency related to any investigation into no-show municipal jobs.

[3] His complaint also asserted a claim under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1, et seq., for violation of his First Amendment rights, and common law claims of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Upon Sivella's concession that his common law claims failed as a matter of law, the District Court granted Appellees' motion for summary judgment as to those claims.

3

Litterio's threatening statements and Giangeruso's investigation into [Sivella's] job";[4] (2) "there is a genuine [dispute] of material fact with respect to the causation element [of a First Amendment retaliation claim], because a reasonable fact-finder could infer a 'pattern of antagonism' between [Sivella] and Giangeruso and a 'temporal proximity' between Giangeruso's Section 8 subsidy being discontinued in 2013, Giangeruso blaming Sivella for the investigation into that subsidy, and Giangeruso subsequently opening an investigation into [Sivella's] job after the September 10, 2013 Commissioners' meeting"; and (3) Giangeruso was not entitled to qualified immunity because he failed to show that "he did not violate clearly established constitutional rights." App. 416-17.

In granting Appellees' motion for reconsideration of its November 6, 2019 order, the District Court found that, in requesting an investigation into no-show municipal jobs in October 2013, Giangeruso had not violated any clearly established right, and was therefore entitled to qualified immunity and summary judgment as to Sivella's First Amendment retaliation claims.

## II. Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment and we apply the same standard as the District Court. Goldenstein v. Repossessors Inc., 815 F.3d 142, 146 (3d Cir. 2016); Beers-Capitol v. Whetzel, 256 F.3d 120, 130 n.6 (3d Cir. 2001). We review de novo the

---

[4] Carmen Litterio was the Deputy Police Chief of the Township.

legal grounds underpinning a claim of qualified immunity. Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014).

Before us, Sivella contends that the District Court erred in granting Appellees' motion for reconsideration and reversing its prior ruling that Giangeruso was not entitled to qualified immunity on Sivella's First Amendment retaliation claims. Further, Sivella maintains that genuine disputes of material fact exist with respect to his First Amendment retaliation claims. In connection with his first argument, Sivella asserts that the District Court erroneously relied on dicta from Hartman v. Moore, 547 U.S. 250 (2006), and a non-precedential decision of a panel of this Court in Holt v. Pennsylvania, 683 F. App'x 151 (3d Cir. 2017), in finding that Sivella's "right to be free from a retaliatory investigation based on his engaging in protected speech" was not clearly established at the time Giangeruso sent a letter to the Township Police Chief requesting the initiation of an investigation into no-show municipal jobs in October 2013.

We find that the District Court properly concluded that Giangeruso was entitled to qualified immunity because, at the time he requested the initiation of an investigation into no-show municipal jobs in 2013, it was not clearly established that, assuming the investigation was requested in retaliation for protected speech, such an adverse action amounted to a First Amendment violation.

"[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Bayer v. Monroe Cnty. Children & Youth Servs., 577 F.3d 186, 191 (3d Cir. 2009) (quoting

5

Pearson v. Callahan, 555 U.S. 223, 231 (2009)). "Clearly established" means that "there must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited." Mammaro v. N.J. Div. of Child Prot. & Permanency, 814 F.3d 164, 169 (3d Cir. 2016) (quoting McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001)). We first look to applicable Supreme Court precedent, but if none exists, "a 'robust consensus of cases of persuasive authority' in the Court[s] of Appeals could clearly establish a right for purposes of qualified immunity." Id. (quoting Taylor v. Barkes, 575 U.S. 822, 826 (2015) (per curiam)).

The right that Sivella alleges Giangeruso violated is his right to be free from a request for an investigation into his employment in retaliation for the exercise of his First Amendment rights. A claim for First Amendment retaliation requires: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006). As noted above, Sivella alleges that Giangeruso retaliated against him for his statements to HUD investigators in 2011 by requesting the initiation of an investigation into whether he held a no-show municipal job in October 2013. Accordingly, Giangeruso's entitlement to qualified immunity turns on whether, in October 2013, it was clearly established that a request for an investigation could constitute a retaliatory act for purposes of the First Amendment.

In Hartman, the Supreme Court held that a plaintiff alleging a speech-based

6

retaliatory prosecution claim must plead and prove an absence of probable cause to support the criminal charge underlying the retaliation claim. 547 U.S. at 252. In dicta, the Supreme Court stated that it had not established that a retaliatory investigation was a "constitutional violation." Id. at 262 n.9. Since Hartman, no Supreme Court case has addressed the issue of whether the initiation of a retaliatory investigation can constitute a First Amendment violation. As this Court has previously stated, an absence of relevant Supreme Court precedent strongly supports a finding that a particular right is not clearly established. Spady v. Bethlehem Area Sch. Dist., 800 F.3d 633, 639 (3d Cir. 2015) (stating that "[i]n order for a right to be clearly established there must be applicable precedent from the Supreme Court").

Moreover, in 2013, there existed no "robust consensus of cases of persuasive authority" clearly establishing a right to be free from a retaliatory investigation. Mammaro, 814 F.3d at 169 (citation and internal quotation marks omitted). Sivella argues that the District Court erroneously relied on Holt, wherein a panel of this Court observed that we had "not considered whether the initiation of an internal investigation can constitute an adverse action for purposes of a First Amendment retaliation claim, and our sister circuits are split on the issue." 683 F. App'x at 154. We recognize that Holt was a non-precedential opinion, which does not constitute binding precedent. See 3d Cir. I.O.P. 5.7 (2018). What is significant, however, is that there was and remains a circuit split on the relevant issue. Compare, e.g., Breaux v. City of Garland, 205 F.3d 150, 158 (5th Cir. 2000) (finding that "[i]nvestigating alleged violations of departmental policies . . . [is] not [an] adverse employment action"), with Dahlia v. Rodriguez, 735 F.3d 1060,

7

1078-79 (9th Cir. 2013) (holding that placement on administrative leave pending discipline can constitute an adverse action for purposes of a First Amendment retaliation claim).

In view of the above authority (or lack thereof), we easily conclude that, in October 2013, when Giangeruso sent a letter requesting the initiation of an investigation of no-show municipal jobs by the Township Chief of Police, allegedly in retaliation for Sivella's protected speech, it was not clearly established that such an adverse action amounted to a First Amendment violation. Accordingly, the District Court correctly concluded that Giangeruso was entitled to qualified immunity and summary judgment as to Sivella's First Amendment retaliation claims. In light of the Court's conclusion regarding Giangeruso's entitlement to qualified immunity, we need not reach Sivella's argument regarding the existence of material factual disputes as to certain elements of his First Amendment retaliation claims.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's order granting Appellees' motion for reconsideration and summary judgment in favor of Giangeruso.